UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | **CRIMINAL NO.:** |
| v. : | **VIOLATIONS:** |
| **BIANCA BUSH-BRONSON,** : | **18 U.S.C. § 1343** |
| : | **Wire Fraud** |
| **Defendant.** : | |
| : | **CRIMINAL FORFEITURE:** |
| : | **18 U.S.C. § 981(a)(1)(C),** |
| : | **21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c)** |
| : | |

## INFORMATION

The United States Attorney charges that at all times material to this Information:

1. From approximately April 2011 to October 2012, defendant BIANCA BUSH-BRONSON was employed by Company A, a consulting and lobbying firm located in the District of Columbia.

2. Defendant BUSH-BRONSON worked as Company A's office manager. As part of her employment, defendant BUSH-BRONSON maintained responsibility for the day-to-day financial operations of Company A. Some of defendant BUSH-BRONSON's duties included preparing checks drawn on Company A's bank accounts, depositing funds, performing reconciliation of the funds in Company A's bank accounts, and serving as a point of contact between Company A and its bank, along with one of Company A's partners.

3. Branch Banking and Trust Company (hereinafter, "BB&T Bank") was a financial institution that conducted business throughout the United States, including the District of Columbia. Company A maintained its primary bank accounts at BB&T Bank, including an account for a related entity known as "[Company A] Solutions." (These bank accounts are

referred to collectively herein as "Company A's bank accounts.") Although defendant BUSH-BRONSON did not maintain signature authority for outgoing checks or the transfer of funds from Company A's bank accounts, she had access to the electronic signatures of one of Company A's partners, who maintained check-signing authority.

4. J.P. Morgan Chase Bank, N.A. was a financial institution that conducted business throughout the United States, including the District of Columbia. Company A maintained a credit card through J.P. Morgan Chase Bank, N.A. (hereinafter, "Chase credit card") to which defendant BUSH-BRONSON had access.

## COUNT ONE
### (Wire Fraud)

5. Paragraphs 1 through 4 of this Information are realleged and incorporated by reference as if set out in full.

6. Beginning at least as early as June 16, 2011, through October 31, 2012, in a continuing course of conduct, in the District of Columbia and elsewhere, the defendant, BIANCA BUSH-BRONSON, devised and intended to devise a scheme to defraud Company A and to obtain money and property belonging to Company A, that is, at least $303,972, by means of materially false and fraudulent pretenses, representations, and promises.

7. On or about September 22, 2012, for the purpose of executing the scheme, and attempting to do so, and aiding and abetting its execution, BIANCA BUSH-BRONSON caused an interstate wire communication to occur between the District of Columbia and Illinois and between the District of Columbia and Delaware, as a result of an unauthorized purchase using Company A's Chase credit card in the amount of $566.76 at Red Door Salon in the District of Columbia.

**(Wire Fraud and Aiding and Abetting, Causing an Act to Be Done, in violation of Title 18, United States Code, Section 1343)**

### FORFEITURE ALLEGATION

1. Upon conviction of the offense alleged in Count One, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to this offense, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). The United States will also seek a forfeiture money judgment against the defendant in the amount of $303,972.

2. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property that cannot be divided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to 21 U.S.C. § 853(p).

**(Criminal Forfeiture, pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Title 21, United States Code, Section 853(p))**

CHANNING D. PHILLIPS
United States Attorney
In and For the District of Columbia
D.C. Bar No. 415793

By: _____
DAVID A. LAST
D.C. Bar No. 476335
Assistant United States Attorney
Fraud and Public Corruption Section
555 4th Street, N.W.
Washington, D.C.  20530
(202) 252-7020 (telephone)
(202) 307-2304 (fax)
David.Last@usdoj.gov (email)

DATED: March 17, 2016